Sean P. Rodriguez (SBN 262437)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Phone: 510/874-1000
Facsimile: 510/874-1460
srodriguez@bsfllp.com

Jonathan D. Schiller (*pro hac vice to be filed*)
Christopher D. Belelieu (*pro hac vice to be filed*)
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
Phone: 212/446-2300
Facsimile: 212/446-2350
jschiller@bsfllp.com
cbelelieu@bsfllp.com

Samuel C. Kaplan (*pro hac vice to be filed*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
Phone: 202/237-2727
Facsimile: 202/237-6131
skaplan@bsfllp.com

*Attorneys for Defendant WeWork Companies Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TARA ZOUMER, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>WEWORK COMPANIES INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No.<br><br>**DEFENDANT WEWORK COMPANIES INC.'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE COURT, PLAINTIFF AND PLAINTIFF'S ATTORNEY OF RECORD**:

PLEASE TAKE NOTICE, that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Defendant WeWork Companies Inc. ("WeWork" or "Defendant") , by their attorneys, hereby removes this action to this Court from the California Superior Court for the County of San Francisco, where it was pending under Index No. CGC-15-549607. As grounds for removal, WeWork states as follows:

## PROCEDURAL HISTORY

1. On December 24, 2015, Plaintiff Tara Zoumer filed an action against WeWork captioned *Tara Zoumer v. WeWork Companies Inc.*, Case No. CGC 15-549607, in the California Superior Court for the County of San Francisco. (*See* Exhibit A attached hereto.)

2. Pursuant to CCP § 416.10, WeWork was served through its designated agent, CSC, on December 28, 2015. (*See* Exhibit B attached hereto.)

## THE PARTIES

3. Plaintiff Tara Zoumer is a California citizen. (Compl. ¶ 3.)

4. WeWork is a Delaware corporation (*id.*), with its principal place of business in New York, New York. (*See* Declaration of Jared DeMatteis, attached hereto as Exhibit C; *see also* Delaware and New York Certificates of Good Standing, attached hereto as Exhibits D & E.)

## ALLEGATIONS OF THE COMPLAINT

5. Plaintiff's complaint contains twelve causes of action against WeWork. (Compl. ¶¶ 20-86.) Plaintiff's causes of action can be broadly separated into two categories: (i) claims for wrongful termination and retaliation (*see id.*, at First through Fourth Causes of Action), and (ii) wage claims (*id.*, at Fifth through Twelfth Cause of Action). Plaintiff also pleads that she will amend her complaint to bring a "claim for recovery of civil penalties pursuant to Labor Code Private Attorneys General Act of 2004," if the California Labor and Workforce Development Agency ("LWDA") declines to investigate Plaintiff's California Labor Code allegations. (*Id.* ¶ 19.)

6. The Complaint seeks, *inter alia*, (i) disgorgement of allegedly withheld wages, (ii) statutory and civil penalties, (iii) reasonable attorneys' fees and costs, (iv) prejudgment interest, and (v) general, special and punitive damages. (*Id.*, at Prayer for Relief.)

**BASIS FOR REMOVAL**

7. This action is within this Court's subject matter jurisdiction under the diversity provision of 28 U.S.C. § 1332(a). Removal is effected pursuant to 28 U.S.C. § 1446.

8. *Diversity of Citizens*. As noted above in Paragraphs 3 and 4, there is complete diversity of citizenship between Plaintiff and Defendant because Ms. Zoumer is a citizen of California and WeWork is a Delaware corporation with its principal place of business in New York, New York.[1] *See* 28 U.S.C. § 1332(a)(1). For purposes of diversity, a corporation "shall be deemed to be a citizen of every State by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

9. In determining a corporation's principal place of business, the Supreme Court has ruled that courts should look to the "nerve center" of a corporation. *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010). Specifically, the Supreme Court found, "we conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* It further stated that "[w]e believe that the 'nerve center' will typically be found at a corporation's headquarters," *id.*, and a "corporation's 'nerve center,' usually its main headquarters, is a single place," *id.* at 93. As set forth in the accompanying Declaration of Jared DeMatteis, WeWork's headquarters are located in New York, New York, where almost all of its executives are located. (*See* Declaration of Jared DeMatteis, attached hereto as Exhibit C.)[2]

---

[1] Plaintiff does not allege where WeWork's "principal place of business" is. Instead, she simply alleges that WeWork has "an office, personnel, and transact[s] substantial business in San Francisco, California."

[2] Plaintiff also brings her claims against "Does 1 through 10, inclusive." In determining whether there is diversity citizenship, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b).

10. *Amount in Controversy*. The jurisdictional threshold of $75,000 in controversy is satisfied. Plaintiff seeks the following relief: (i) disgorgement of allegedly withheld wages, (ii) statutory and civil penalties, (iii) reimbursement of business expenses, (iv) reasonable attorneys' fees and costs, (v) prejudgment interest, and (vi) general, special and punitive damages, including emotional distress damages. (*Id.* ¶¶ 33, 82-86, at Prayer for Relief.)[3] Only her request for prejudgment interest should be excluded from any consideration of the amount in controversy in this action. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, *exclusive of interest and costs*." (emphasis added)).

11. This Court may consider all other requests for relief by Plaintiff in calculating the amount in controversy. *See, e.g.*, *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action." (citing *Bell v. Preferred Life Assur. Society*, 320 U.S. 238, 240 (1943)); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) ("emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees."); *Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1198-99 (N.D. Cal. 1998) ("The amount in controversy includes claims for general and special damages (excluding costs and interests), including attorneys' fees, if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law.").

12. Given all of the relief that Plaintiff is seeking, the $75,000 threshold for the amount in controversy is readily satisfied here. *Dart Cherokee Basin Op. Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

---

[3] Plaintiff only pleads that the "damages sought in this matter exceed $25,000" (Compl. ¶ 2), which is the monetary threshold for unlimited jurisdiction in California Superior Court.

**PROCEDURAL MATTERS RELATED TO REMOVAL**

13. *Venue*. Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because this Court is in the federal judicial district court—Northern District of California—embracing the California Superior Court for the County of San Francisco, where the action was originally filed and is currently pending. 28 U.S.C. § 84(a).

14. *Timeliness*. As set forth above, Plaintiff filed her Complaint on December 24, 2015 and WeWork was served with the Complaint on December 28, 2015. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

15. *Unanimity*. Because there are no other defendants besides WeWork in this action, no consent to removal from any other defendant is necessary.

16. *Notice*. Pursuant to 28 U.S.C. § 1446(d), notice of the filing of this Notice of Removal will be furnished promptly to Plaintiff and her attorneys and a copy of the Notice of Removal, along with all accompanying exhibits, will be filed electronically with the clerk of the California Superior Court for the County of San Francisco.

17. *State Court Record*. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings served upon WeWork in the state court action are attached to this Notice as Exhibits A and B.

**RESERVATION OF RIGHTS**

18. WeWork reserves the right to submit additional evidence and argument as needed to supplement this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

**CONCLUSION**

19. For the reasons set forth above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a) and venue is proper pursuant to 28 U.S.C. § 1441(a). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1446.

Wherefore, Defendant hereby removes this civil action to this Court from the California Superior Court for the County of San Francisco.

| | |
|---|---|
| Dated: January 21, 2016 | Respectfully submitted,<br><br>BOIES, SCHILLER & FLEXNER LLP<br><br><br>By: /s/Sean P. Rodriguez<br>     Sean P. Rodriguez<br><br>Sean Rodriguez (SBN 262437)<br>BOIES, SCHILLER & FLEXNER LLP<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Phone: 510/874-1000<br>Facsimile: 510/874-1460<br>srodriguez@bsfllp.com<br><br>Jonathan D. Schiller (*pro hac vice to be filed*)<br>Christopher D. Belelieu (*pro hac vice to be filed*)<br>BOIES, SCHILLER & FLEXNER LLP<br>575 Lexington Avenue<br>New York, NY 10022<br>Phone: 212/446-2300<br>Facsimile: 212/446-2350<br>jschiller@bsfllp.com<br>cbelelieu@bsfllp.com<br><br>Samuel C. Kaplan (*pro hac vice to be filed*)<br>BOIES, SCHILLER & FLEXNER LLP<br>5301 Wisconsin Avenue, NW<br>Washington, DC 20015<br>Phone: 202/237-2727<br>Facsimile: 202/237-6131<br>skaplan@bsfllp.com<br><br>*Attorneys for Defendant WeWork Companies Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2016, I electronically filed WeWork Companies Inc.'s Notice of Removal and accompanying exhibits with the Clerk of Court using the CM/ECF system which sent an email notification to all participants in this case who are registered CM/ECF users. I further caused the documents listed above to be served via FedEx on the following:

> Ramsey Hanfi
> Rory C. Quintana
> QUINTANA HANAFI PUNGPRAKEARTI, LLP
> 351 California St, Suite 300
> San Francisco, CA 94104

Dated: January 21, 2016

Respectfully submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Sean P. Rodriguez
      Sean P. Rodriguez

Sean Rodriguez (SBN 262437)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Phone: 510/874-1000
Facsimile: 510/874-1460
srodriguez@bsfllp.com

*Attorneys for Defendant WeWork Companies Inc.*