Sean P. Rodriguez (SBN 262437)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Phone: 510/874-1000
Facsimile: 510/874-1460
srodriguez@bsfllp.com

Jonathan D. Schiller (*pro hac vice to be filed*)
Christopher D. Belelieu (*pro hac vice to be filed*)
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
Phone: 212/446-2300
Facsimile: 212/446-2350
jschiller@bsfllp.com
cbelelieu@bsfllp.com

Samuel C. Kaplan (*pro hac vice to be filed*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
Phone: 202/237-2727
Facsimile: 202/237-6131
skaplan@bsfllp.com

*Attorneys for Defendant WeWork Companies Inc.*

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

TARA ZOUMER, an individual,

Plaintiff,

vs.

WEWORK COMPANIES INC., a Delaware corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No. 4:16-cv-00340-JSW

**DEFENDANT WEWORK COMPANIES INC.'S NOTICE OF MOTION AND MOTION TO STAY ACTION PENDING RESOLUTION OF WEWORK'S PETITION TO COMPEL ARBITRATION**

Date: Friday, Mar. 4, 2016
Time: 9:00am
Courtroom 5, 2nd Floor
Hon. Jeffrey S. White

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

**NOTICE OF MOTION AND MOTION**

**TO THE CLERK OF THE COURT, PLAINTIFF AND PLAINTIFF'S ATTORNEY OF RECORD**:

**PLEASE TAKE NOTICE** that on Friday, March 4, 2016, at 9:00am, or as soon thereafter as the matter can be heard before the Honorable Jeffrey S. White of the United States District Court for the Northern District of California in Courtroom 5, 2nd Floor, Oakland Courthouse, 1301 Clay Street, Oakland, California, Defendant WeWork Companies Inc. ("WeWork") will and hereby does move the Court for a stay of this action (the "Action"), pending the resolution of WeWork's Petition to Compel Arbitration and Appoint an Arbitrator Pursuant to Sections 4 and 5 of the Federal Arbitration Act, which was filed on January 21, 2016, in the United States District Court for the Southern District of New York, No. 1:16-cv-457.

WeWork's Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities and Declaration of Christopher Belelieu, both filed concurrently herewith, and such additional evidence or argument that may be presented.

WeWork conferred with Plaintiff's counsel prior to filing this Motion and Plaintiff's counsel declined to agree to any stay.

Dated: January 26, 2016

Respectfully submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Sean P. Rodriguez
Sean P. Rodriguez

Sean Rodriguez (SBN 262437)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Phone: 510/874-1000
Facsimile: 510/874-1460
srodriguez@bsfllp.com

*(counsel continues on next page)*

Jonathan D. Schiller (*pro hac vice to be filed*)
Christopher D. Belelieu (*pro hac vice to be filed*)
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
Phone: 212/446-2300
Facsimile: 212/446-2350
jschiller@bsfllp.com
cbelelieu@bsfllp.com

Samuel C. Kaplan (*pro hac vice to be filed*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
Phone: 202/237-2727
Facsimile: 202/237-6131
skaplan@bsfllp.com

*Attorneys for Defendant WeWork Companies Inc.*

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant WeWork Companies Inc. ("WeWork") submits this memorandum of points and authorities in support of its Motion to Stay the Action Pending Resolution of WeWork's Petition to Compel Arbitration and Appoint an Arbitrator Pursuant to Sections 4 and 5 of the Federal Arbitration Act, which was filed on January 21, 2016, in the United States District Court for the Southern District of New York.

## INTRODUCTION

Plaintiff Tara Zoumer ("Plaintiff" or "Zoumer") filed this action ("Action") in the Superior Court of California, County of San Francisco, against WeWork, her former employer, in direct contravention of a written agreement to submit "any and all claims" arising out of, or related to, her employment or the termination thereof to binding arbitration in New York County, New York. WeWork subsequently removed the Action to this Court on January 21, 2016, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Simultaneously, WeWork filed a Petition to Compel Arbitration and Appoint an Arbitrator Pursuant to Sections 4 and 5 of the Federal Arbitration Act (the "Petition") in the United States District Court for the Southern District of New York, which is located in New York County, New York.[1] (*See* Petition and Accompanying Memorandum of Law, Ex. A to Declaration of Christopher Belelieu ("Belelieu Declaration").)

WeWork now brings this Motion to stay the Action pending a decision on its Petition by

[1] The United States District Court for the Southern District of New York is the appropriate court to consider WeWork's Petition. Section 4 of the Federal Arbitration Act provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement. 9 U.S.C. § 4. Under that section, the court shall "hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed." *Id.* (emphasis added). Because the Parties' agreement requires arbitration in New York, New York, only the United States District Court for the Southern District of New York can both order arbitration "in accordance with the terms of the agreement" and "within the district in which the petition for an order directing such arbitration is filed" as Section 4 requires.

the United States District Court for the Southern District of New York. The Motion should be granted because a stay would simplify issues, prevent unnecessary litigation, and conserve judicial resources. Further, Plaintiff would not suffer any prejudice from the granting of a short stay.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. FACTUAL BACKGROUND

#### A. Parties

WeWork was founded in 2010. WeWork is a New York-based company that provides collaborative office spaces and business, education, and training services to a community of over 40,000 entrepreneurs, freelancers, and small business owners in over twenty cities in the United States, the United Kingdom, Israel, Canada, Germany and the Netherlands.

Plaintiff is a former employee of WeWork. She was employed by WeWork from March 2015 to November 2015. (Compl. ¶ 3.) During the eight months she worked at WeWork, Zoumer held the position of Associate Community Manager at two of WeWork's locations California. (*See id.*)

#### B. Zoumer Agreed to Arbitration in Her Employment Offer Letter with WeWork

On March 4, 2015, Zoumer signed an offer of employment with WeWork (the "Offer Letter"). The Offer Letter contains both a choice-of-law provision and mandatory arbitration provision ("Arbitration Provision"). Specifically, the Offer Letter provides as follows:

> "This offer letter shall be governed by the laws of the State of New York, without regard to conflict of law principles. ***You and WeWork agree to submit to mandatory binding arbitration any and all claims arising out of or related to your employment with WeWork and the termination thereof*** (other than claims related to your Invention, Non-Disclosure, Non-Competition, and Non-Solicitation Agreement), ***which shall be conducted in New York County, New York***." (Zoumer Offer Letter, at 1-2, Ex. B to Belelieu Declaration (emphasis added).)

The end of the Offer Letter contains the following text, in italics, below which Zoumer signed her name:



BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

> "*I have read, understood and accept the offer of employment as set forth in the foregoing letter. I acknowledge and agree that this letter overrides any prior discussions, understandings or agreements about my employment with WeWork.*" (*Id.* at 2 (emphasis in original).)

## II. PROCEDURAL BACKGROUND

On December 24, 2015, Zoumer filed a summons and complaint (together, the "Complaint") against WeWork in the Superior Court of California, County of San Francisco, CGC 15-549607. The Complaint includes twelve causes of action, all "related to [Zoumer's] employment with WeWork and the termination thereof": (i) wrongful termination in violation of California public policy pursuant to Cal. Labor Code §§ 1102.5, 98.6, 923, 232 (First and Fourth Causes of Action); (ii) retaliation in violation of Cal. Labor Code §§ 1102.5, 98.6 (Second and Third Causes of Action); (iii) failure to pay overtime in violation of Cal. Labor Code §§ 510, 1194 (Fifth Cause of Action); (iv) failure to provide accurate earning statements in violation of Cal. Labor Code § 226 (Sixth Cause of Action); (v) failure to maintain accurate payroll records in violation of Cal. Labor Code §§ 1174(d), 1174.5 (Seventh Cause of Action); (vi) failure to pay all wages upon termination in violation of Cal. Labor Code §§ 201, 203 (Eighth Cause of Action); (vii) failure to pay wages in violation of Cal. Labor Code §§ 200, 204 (Ninth Cause of Action); (viii) failure to provide meal breaks in violation of Cal. Labor Code § 512 and IWC Wage Order 5-2001 (Tenth Cause of Action); (ix) failure to provide rest breaks in violation of IWC Wage Order 5-2001 (Eleventh Cause of Action); and (x) failure to pay expenses in violation of Cal. Labor Code § 2802 (Twelfth Cause of Action).

On January 21, 2016, WeWork removed Zoumer's state court action to this Court. Simultaneously, WeWork filed the Petition in the United States District Court for the Southern District of New York, the federal district located in New York County, New York, which is the arbitral forum set forth in the Arbitration Provision. (Ex. A to Belelieu Declaration; Belelieu Declaration ¶ 3.) Plaintiff was served with the Petition on January 23, 2016, after Plaintiff declined on January 22, 2016 to authorize Plaintiff's counsel to accept service on her behalf. Plaintiff's response to the Petition is currently due on February 8, 2016.



BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

## ARGUMENT

### I. THIS COURT HAS THE INHERENT AUTHORITY TO STAY THE ACTION AND COURTS ROUTINELY GRANT STAYS PENDING A DECISION ON A PETITION TO COMPEL ARBITRATION.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Bogard v. Merck & Co., Inc.*, No. 06-cv-6917, 2007 WL 460650, at *1 (N.D. Cal. Feb. 7, 2007) (quotations omitted).

Courts routinely exercise their discretion to stay proceedings while the arbitrability of claims are resolved, including pending another court's resolution of a petition to compel arbitration. *See, e.g.*, *Grove Lumber & Building Supply, Inc. v. Argonaut Ins. Co.*, No. 07-cv-1396, 2008 WL 2705169, at *9 (C.D. Cal. July 7, 2008) (staying action pending resolution of proceeding to compel arbitration in New York); *Stiener v. Apple Computer, Inc.*, No. 07-cv-4486, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) ("In the interests of conserving the resources of the parties, a short stay of the initial scheduling obligations and discovery pending the determination of the motion to compel arbitration is therefore prudent."); *Roe v. Gray*, 165 F. Supp. 2d 1164, 1175 (D. Colo. 2001) (staying action pending resolution of Section 4 petitions by the U.S. District Court for the Eastern District of North Carolina).

### II. THE MOTION SHOULD BE GRANTED BECAUSE ALL RELEVANT FACTORS WEIGH IN FAVOR OF A STAY.

"Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quotations omitted). Specifically, a court must consider "1) the possible damage which may result from the granting of a stay, 2) the hardship or inequity which a party may suffer in being required to go forward, and 3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof,

and questions of law which could be expected to result from a stay." *Dister v. Apple-Bay East, Inc.*, No. C-07-01377, 2007 WL 4045429, at *2 (N.D. Cal. Nov. 15, 2007). The factors weigh in favor of granting a stay of this Action pending resolution of the Petition.

*First*, allowing the Action to proceed while the Petition is pending will prejudice WeWork by disregarding its contractual right to have all claims arising out of, or related to, Zoumer's employment with WeWork, or the termination thereof, submitted to binding arbitration in New York, New York. *See Andrus v. D.R. Horton, Inc.*, No. 12-cv-00098, 2012 WL 1971326, at *3 (D. Nev. 2012) ("To require the parties to proceed with the action pending a ruling on the motion to compel arbitration and any appeal thereof would cause the party seeking to enforce the arbitration clause to be 'deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes.'") (quoting *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)). It will also prejudice WeWork by requiring it to commit resources to litigation in a forum that is different from the one in which the Parties agreed to arbitrate. *See Mundi v. Union Sec. Life Ins. Co.*, 2007 WL 2385069, at *6 (E.D. Cal. Aug. 17, 2007) ("[T]he parties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration.") (citations omitted).

Further, requiring litigation prior to a decision on the Petition would contravene the "liberal federal policy favoring arbitration" embodied in the Federal Arbitration Act. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quotations omitted); *see also Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 122-23 (2001) ("Arbitration agreements allow parties to avoid the costs of litigation, a benefit that may be of particular importance in employment litigation, which often involves smaller sums of money than disputes concerning commercial contracts."). The Federal Arbitration Act provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." 9 U.S.C. § 2. The United States District Court for the Southern District of New York will decide WeWork's Petition, and requiring the Parties to continue with this Action prior to a decision on the Petition would run counter to the goals of the Federal Arbitration Act.





BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

*Second*, a stay will not result in any damage or prejudice to Plaintiff, as Section 4 petitions are resolved quickly. *See* 9 U.S.C. § 4 (allowing hearing within five days' of filing of petition and allowing a court to "proceed summarily to the trial" of factual disputes about the formation of an arbitration agreement); *Moses H. Cone Mem. Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 29 (1983) (noting that the Federal Arbitration Act requires "a summary and speedy disposition of motions or petitions to enforce arbitration clauses.").

*Third*, a stay will support the "orderly course of justice" and conserve judicial resources by resolving the threshold question of whether Zoumer's claims are properly before this Court or whether they should have been submitted to binding arbitration as required by the arbitration provision in the Offer Letter. *See, e.g.*, *Grove Lumber*, 2008 WL 2705169, at *9 ("[A] stay is appropriate because it will allow the proceeding commenced by Argonaut in New York to compel arbitration to proceed."). If the Petition is granted, Zoumer's claims will be arbitrated in New York, and the dispute will be resolved in that venue, obviating the need for any further proceedings in this Court.[2] *See, e.g.*, *Gray*, 165 F. Supp. 2d at 1175 (staying action pending resolution of Section 4 petition in another district "to promote the efficient use of judicial resources.").

*　　*　　*

[2] If the United States District Court for the Southern District of New York concludes that some or all of Zoumer's claims are referable to binding arbitration, it will enter an order requiring Zoumer to bring those claims in an arbitral forum in New York County. *See* 9 U.S.C. § 4. It also has the power to enjoin Zoumer from prosecuting those claims in any other forum, including in this Court. *See, e.g.*, *Gem Gemini Ernst & Young, L.L.C. v. Nackel*, 98 F. App'x 65, 66 (2d Cir. 2004) (reinstating order compelling plaintiff to arbitrate his claims and enjoining him from pursuing those claims through judicial proceedings in California).

**CONCLUSION**

For the reasons set forth above, WeWork respectfully requests that the Court grant its motion to stay the Action, pending the resolution of WeWork's Petition to Compel Arbitration and Appoint an Arbitrator Pursuant to Sections 4 and 5 of the Federal Arbitration Act.

Dated: January 26, 2016

Respectfully submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Sean P. Rodriguez
Sean P. Rodriguez

Sean Rodriguez (SBN 262437)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Phone: 510/874-1000
Facsimile: 510/874-1460
srodriguez@bsfllp.com

Jonathan D. Schiller (*pro hac vice to be filed*)
Christopher D. Belelieu (*pro hac vice to be filed*)
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
Phone: 212/446-2300
Facsimile: 212/446-2350
jschiller@bsfllp.com
cbelelieu@bsfllp.com

Samuel C. Kaplan (*pro hac vice to be filed*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015
Phone: 202/237-2727
Facsimile: 202/237-6131
skaplan@bsfllp.com

*Attorneys for Defendant WeWork Companies Inc.*

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2016, I electronically filed WeWork Companies Inc.'s Defendant WeWork Companies Inc.'s Notice Of Motion And Motion To Stay Action Pending Resolution Of WeWork's Petition To Compel Arbitration with the Clerk of Court using the CM/ECF system which sent an email notification to all participants in this case who are registered CM/ECF users. I further caused the documents listed above to be served via overnight delivery on the following:

Ramsey Hanfi
Rory C. Quintana
QUINTANA HANAFI PUNGPRAKEARTI, LLP
351 California St, Suite 300
San Francisco, CA 94104

Dated: January 26, 2016

Respectfully submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Sean P. Rodriguez
Sean P. Rodriguez

Sean Rodriguez (SBN 262437)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Phone: 510/874-1000
Facsimile: 510/874-1460
srodriguez@bsfllp.com

*Attorneys for Defendant WeWork Companies Inc.*