Ramsey Hanafi, SBN 262515
Rory C. Quintana, SBN 258747
QUINTANA HANAFI PUNGPRAKEARTI, LLP
351 California Street, Suite 300
San Francisco, CA 94104
Tel.: 415-504-3121
Fax: 415-233-8770
info@qhplaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| TARA ZOUMER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WEWORK COMPANIES, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO.: 4:16-cv-00340-JSW**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES:**<br><br>1. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>2. **RETALIATION—LABOR CODE SECTION 1102.5;**<br>3. **RETALIATION—LABOR CODE SECTION 98.6;**<br>4. **VIOLATION OF CALIFORNIA LABOR CODE SECTION 232;**<br>5. **FAILURE TO PAY OVERTIME WAGES;**<br>6. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS;**<br>7. **FAILURE TO MAINTAIN ACCURATE PAYROLL RECORDS;**<br>8. **FAILURE TO PAY ALL WAGES UPON TERMINATION;**<br>9. **FAILURE TO PAY ALL WAGES;**<br>10. **MEAL BREAK VIOLATIONS;**<br>11. **REST BREAK VIOLATIONS;**<br>12. **FAILURE TO PAY EMPLOYEE EXPENSES (CA. LABOR CODE 2802);**<br>13. **VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT.** |

- 1 -

# INTRODUCTION

Plaintiff Tara Zoumer ("ZOUMER" or "PLAINTIFF") brings this action against Defendant WeWork Companies, Inc. ("WeWork") and DOES 1 through 10 (collectively "DEFENDANTS").

PLAINTIFF hereby alleges as follows:

# JURISDICTION AND VENUE

1. Venue is proper in this county because the unlawful actions occurred in San Francisco County, California and the records of these actions are found in San Francisco County, California.

2. The damages sought in this matter exceed $25,000.

# PARTIES

3. ZOUMER is a California citizen who was employed by DEFENDANTS as an Associate Community Manager (ACM) from March 2015 until November 2015.

4. WEWORK is a Delaware corporation, authorized to conduct business in California under corporation number C3634663.

5. DEFENDANTS have an office, personnel, and transact substantial business in San Francisco, California.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants named herein as Does 1 through 10, inclusive, are unknown to PLAINTIFF and therefore said defendants are sued under fictitious names.  PLAINTIFF is informed and believes and thereon alleges that each of the defendants fictitiously named herein is legally responsible in some actionable manner for the events described herein, and thereby proximately caused the damage to PLAINTIFF.  PLAINTIFF will seek leave of Court to amend this Complaint to state the true names and capacities of such fictitiously named defendants when the same have been ascertained.

# FACTUAL ALLEGATIONS – WRONGFUL TERMINATION & RETALIATION

7. On or around October 6, 2015, PLAINTIFF began speaking with other employees about her belief that WeWork was violating the California Labor Code. Specifically, Plaintiff

thought that she and other employees were misclassified and entitled to reimbursement of cell-phone expenses and overtime wages.

8. On or around October 21, 2015, DEFENDANT's West Coast Manager told PLAINTIFF to stop talking to other employees about overtime wages and expenses. DEFENDANT asked Plaintiff if she wanted to resign. PLAINTIFF declined.

9. On or around October 22, 2015, PLAINTIFF again brought up the issue of unpaid overtime and reimbursement of expenses with management. PLAINTIFF was told she was not misclassified.

10. In or around early November 2015, PLAINTIFF and other employees were asked to sign a number of new documents governing the employment relationship. Among these new documents was a new arbitration agreement purporting to waive PLAINTIFF's right to a jury trial in any dispute with WeWork. PLAINTIFF refused to sign this document, as she explained to DEFENDANT that she had pending potential claims against the DEFENDANT and did not want to waive her rights to resolve these active disputes in court.

11. On or about November 16, 2015 WeWork terminated PLAINTIFF's employment.

## **FACTUAL ALLEGATIONS – WAGE CLAIMS**

12. At all relevant times herein, PLAINTIFF was a non-exempt employee in that her job duties did not satisfy all elements required for her to be legally exempt from any California Wage Orders.

13. At all relevant times herein, DEFENDANTS improperly classified PLAINTIFF as exempt from overtime compensation.

14. PLAINTIFF worked approximately fifty to sixty hours per week and was never provided any overtime compensation for those hours worked.

15. PLAINTIFF was paid a salary of approximately $42,000 per year.

16. PLAINTIFF regularly worked greater than five hours in a workday without being provided an opportunity to take an uninterrupted meal break lasting at least thirty minutes.

17. PLAINTIFF regularly worked greater than four hours in a workday without being provided an opportunity to take an uninterrupted rest break lasting at least ten minutes.

18. Because DEFENDANTS misclassified PLAINTIFF as exempt from overtime compensation, it failed to record the hours PLAINTIFF worked and other information required by Labor Code section 226(a) and report that information on her earnings statements.

19. PLAINTIFF has notified the Labor and Workforce Development Agency (LWDA) and WeWork, via certified mail, of WeWork's violations pursuant to California Labor Code section 2699 *et seq.* The LWDA did not notify PLAINTIFF of any intent to investigate PLAINTIFF's allegations within 33 days of the postmark date of the letter. Pursuant to California Labor Code 2699.3(a)(2), PLAINTIFF hereby amends this complaint to bring applicable PAGA allegations.

**FIRST CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**California Labor Code section 1102.5; California Labor Code section 98.6, California Constitution Art. I Sec. 16; California Labor Code section 923; California Labor Code section 232**

20. PLAINTIFF re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

21. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in California Labor Code section 1102.5 *et seq.*, is to prohibit employers from: (1) implementing policies preventing employees from disclosing reasonably based suspicions of violations of state or federal statutes; (2) retaliating against employees who have disclosed reasonably based suspicions of violations of state or federal statutes to other employees with authority investigate, discover, or correct the violation or noncompliance; and (3) retaliating against employees who refuse to participate in activities that would result in violations of state or federal statutes.   This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

22. At all times mentioned the public policy of the State of California, as codified, expressed and mandated in California Labor Code sections 96(k) and 98.6, is to prohibit employers from disciplining, discharging, or discriminating against because the employee: (1) engaged in lawful off duty conduct; (2) filed a bona fide complaint or claim; (3) instituted any proceeding relating to their rights under the jurisdiction of the Labor Commissioner; (4) testified

or participated in any proceeding before the Labor Commissioner; or (5) exercised any other rights afforded the employee. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

23. Additionally, at all times mentioned the public policy of the State of California, expressed in *Gould v. Maryland Sound Industries, Inc.* (1995) 31 Cal.App.4th 1137 is to prohibit employers from discriminating or retaliating against employees who make good faith complaints about wage and hour violations and/or practices.

24. Article I Section 16 of the California Constitution provides all persons with a right to a civil trial by jury unless waived by the consent of the parties.

25. California Labor Code section 923 protects employees from "interference, restraint, or coercion…in self-organization…for the purpose of collective bargaining or other mutual aid or protection."

26. California Labor Code section 232 makes it unlawful for an employer to discharge, formally discipline, or otherwise discriminate against an employee who discloses information about the employer's working conditions.

27. At the time of her termination, PLAINTIFF and DEFENDANTS were in an employee-employer relationship.

28. On or about November 16, 2015, DEFENDANTS terminated PLAINTIFF's employment. WeWork was substantially motivated to terminate PLAINTIFF because she (a) complained to other employees about her lack of overtime pay and expense reimbursements; (b) complained to management about violations of the Labor Code; and (c) refused to sign an arbitration agreement waiving her jury trial rights to her pending disputes with WeWork.

29. As a direct and proximate result of her termination, PLAINTIFF has suffered harm including lost wages and emotional distress in an amount to be proven at trial.

30. On information and belief, in doing the acts herein alleged, DEFENDANTS acted with oppression, fraud, malice, and in conscious disregard of PLAINTIFF's rights and PLAINTIFF is therefore entitled to punitive damages in an amount according to proof at the time of trial.

//

## SECOND CAUSE OF ACTION
## RETALIATION
## California Labor Code section 1102.5

31. PLAINTIFF re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

32. PLAINTIFF's employment was terminated in violation of California Labor Code section 1102.5 *et seq*. because she disclosed information that she had reasonable cause to believe constituted a violation of state or federal law to her employer and/or that her employer feared she would report to a government or law enforcement agency, and/or because PLAINTIFF might refuse to participate in activity that would result in violations of state or federal law.

33. As a direct and proximate result of her termination, PLAINTIFF has suffered harm including lost wages and emotional distress in an amount to be proven at trial.

34. On information and belief, in doing the acts herein alleged, DEFENDANTS acted with oppression, fraud, malice, and in conscious disregard of PLAINTIFF's rights and PLAINTIFF is therefore entitled to punitive damages in an amount according to proof at the time of trial.

## THIRD CAUSE OF ACTION
## RETALIATION
## California Labor Code Section 98.6

35. PLAINTIFF re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

36. PLAINTIFF's employment was terminated in violation of California Labor Code section 98.6 et seq. because she exercised the rights afforded to her under the Labor Code, specifically, she communicated with co-workers about her working conditions, and complained to her employer about her wages and working conditions, and made it clear to her employer that she anticipated filing a claim for violations of the California Labor Code.

37. As a direct and proximate result of her termination, PLAINTIFF has suffered harm including lost wages and emotional distress in an amount to be proven at trial.

38. On information and belief, in doing the acts herein alleged, DEFENDANTS acted with oppression, fraud, malice, and in conscious disregard of PLAINTIFF's rights and PLAINTIFF is therefore entitled to punitive damages in an amount according to proof at the time of trial.

## FOURTH CAUSE OF ACTION
### Violation of California Labor Code section 232

39. PLAINTIFF re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

40. California Labor Code section 232 makes it unlawful for an employer to discharge, formally discipline, or otherwise discriminate against an employee who discusses the amount of his or her wages.

41. PLAINTIFF's employment was terminated because she disclosed to other employees her wages. Specifically, PLAINTIFF complained to other employees, and to her employer, that she was compensated $0 in overtime compensation despite her long hours, and $0 in cell-phone reimbursements.

42. As a direct and proximate result of her termination, PLAINTIFF has suffered harm including lost wages and emotional distress in an amount to be proven at trial.

43. On information and belief, in doing the acts herein alleged, DEFENDANTS acted with oppression, fraud, malice, and in conscious disregard of PLAINTIFF's rights and PLAINTIFF is therefore entitled to punitive damages in an amount according to proof at the time of trial.

## FIFTH CAUSE OF ACTION
### FAILURE TO PAY OVERTIME
### California Labor Code §§ 510, 1194

44. PLAINTIFF re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

45. On numerous occasions throughout PLAINTIFF's employment, DEFENDANTS engaged, suffered, or permitted PLAINTIFF to work in excess of eight (8) hours in a single workday or in excess of forty (40) hours in a workweek.

46. To date, DEFENDANTS have failed to pay PLAINTIFF overtime premiums for every hour of overtime that DEFENDANTS engaged, suffered, or permitted PLAINTIFF to work.

47. As a legal result of the aforementioned violations, PLAINTIFF suffered harm.

48. Pursuant to Labor Code section 1194, PLAINTIFF is entitled to recover from DEFENDANTS the unpaid overtime premium, including interest thereon, costs of suit, and reasonable attorneys' fees, all in the amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE EARNINGS STATEMENTS
### California Labor Code § 226

49. PLAINTIFF re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

50. At all relevant times herein, DEFENDANTS were required to record, maintain and provide all information listed in Labor Code section 226(a), including an accurate reflection of the number of hours PLAINTIFF worked each pay period, her hourly rate for those hours and the total amount of earnings owed to PLAINTIFF.

51. DEFENDANTS failed to record, maintain and provide all information required by Labor Code section 226(a) to PLAINTIFF.

52. PLAINTIFF suffered injury due to DEFENDANTS' failure in that PLAINTIFF held and holds insufficient information to promptly and easily determine from the wage statement alone the number of hours worked.

53. Pursuant to Labor Code section 226(e), PLAINTIFF is entitled to statutory penalties equal to $50.00 per pay period for the first violation of Labor Code section 226(a), and $100.00 per pay period for each violation thereafter for the statutory period.

54. Pursuant to Labor Code section 226(h), PLAINTIFF is entitled to an award of costs and reasonable attorney's fees.

## SEVENTH CAUSE OF ACTION
### FAILURE TO MAINTAIN ACCURATE PAYROLL RECORDS
### California Labor Code §§ 1174(d), 1174.5

55. PLAINTIFF re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

56. DEFENDANTS knowingly and intentionally failed to accurately maintain the records the Labor Code requires DEFENDANTS to maintain, including but not limited to, failing to accurately maintain a record of the total daily hours worked by PLAINTIFF in violation of Labor Code section 1174(d).

57. As a legal result of the aforementioned violations, PLAINTIFF suffered harm and is entitled to recover: a penalty under Labor Code section 1174.5, costs of suit, and reasonable attorneys' fees, all in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES UPON TERMINATION**
**California Labor Code §§ 201, 203**

58. PLAINTIFF re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

59. Labor Code section 201 requires employers to pay all earned and unpaid wages immediately upon an employee's termination.

60. DEFENDANTS terminated PLAINTIFF on or about November 16, 2015 but has, to date, not paid her for all overtime hours worked.

61. DEFENDANTS willfully failed to pay PLAINTIFF her wages within the time prescribed by law and therefore PLAINTIFF is entitled to waiting time penalties pursuant to Labor Code section 203 equal to a days' wage for each day she was required to wait for her wages up to thirty days.

**NINTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES**
**California Labor Code §§ 200, 204**

62. PLAINTIFF re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

63. Wages are required by California Labor Code section 200 to include all amounts earned for labor performed.

64. Hours worked pursuant to IWC Wage Order No. 5-2001, section 2(K) include "…time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

65. PLAINTIFF worked numerous nights and weekends at DEFENDANTS' behest.

66. DEFENDANTS are aware of PLAINTIFF's work time and PLAINTIFF performed this work at the direction of DEFENDANT.

67. DEFENDANTS failed to pay PLAINTIFF any wages for the nights and weekends that she worked.

68. Labor Code section 204 provides that all wages "earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as regular paydays." DEFENDANTS' failure to pay PLAINTIFF for her hours worked twice during each calendar month violates this section.

69. As a legal result of the aforementioned conduct, PLAINTIFF has suffered harm and is entitled to recover unpaid wages, cost of suit, and reasonable attorneys' fees, all in an amount to be proved at trial.

## TENTH CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL BREAKS
## IWC Wage Order 5-2001; Labor Code § 512

70. PLAINTIFF re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

71. Pursuant to Labor Code sections 226.7, 512, and the applicable Industrial Wage Order, DEFENDANTS was required to provide PLAINTIFF with thirty (30) minute meal periods within the first five (5) hours of work per day, or two meal periods within the first ten (10) hours of work per day, or pay PLAINTIFF one additional hour of pay at PLAINTIFF's regular rate of compensation for each work day DEFENDANTS failed to provide PLAINTIFF with a meal period.

72. PLAINTIFF regularly worked shifts of five (5) hours or more.

73. On numerous occasions PLAINTIFF worked without at least one meal period in a shift of five (5) hours or more, or two meal periods in a shift of ten (10) hours or more, wherein her work schedule made taking an uninterrupted thirty (30) minute meal period impossible.

74. In violation of Labor Code sections 226.7, 512, and the applicable Industrial Wage Order, DEFENDANTS failed to provide PLAINTIFF meal periods due to (a) DEFENDANTS' erroneous belief that PLAINTIFF was exempt from California's wage and hour law protections; and (b) due to PLAINTIFF's demanding schedule which rarely provided any time for a half hour off duty period during each workday of at least five hours. DEFENDANTS also failed to pay

PLAINTIFF one additional hour of pay for each work day PLAINTIFF was not provided a meal period.

75. As a legal result of the aforementioned violations, PLAINTIFF suffered harm and is entitled to recover one additional hour of pay at her regular rate of compensation for each work day that PLAINTIFF was not provided with a meal break, costs of suit, and reasonable attorneys' fees, all in an amount to be determined at trial.

**ELEVENTH CAUSE OF ACTION**
**FAILURE TO PROVIDE REST BREAKS**
**IWC Wage Order 5-2001**

76. PLAINTIFF re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

77. Pursuant to Labor Code section 226.7 and the applicable Industrial Wage Order, DEFENDANTS was required to provide PLAINTIFF with ten (10) minute rest periods for each four-hour period, or major fraction thereof, worked by PLAINTIFF or pay PLAINTIFF one additional hour of pay at PLAINTIFF's regular rate of compensation for each work day DEFENDANTS failed to provide PLAINTIFF with a rest period.

78. PLAINTIFF regularly worked shifts of four (4) hours or more.

79. On numerous occasions PLAINTIFF worked without a rest period, wherein her work schedule made taking an uninterrupted ten (10) minute meal period impossible.

80. In violation of Labor Code sections 226.7 and the applicable Industrial Wage Order, DEFENDANTS failed to provide PLAINTIFF rest periods due to (a) DEFENDANTS' erroneous belief that PLAINTIFF was exempt from California's wage and hour law protections; and (b) due to PLAINTIFF's demanding schedule which rarely provided any time for ten minutes off duty during each workday of at least four hours. DEFENDANTS also failed to pay PLAINTIFF one additional hour of pay for each work day PLAINTIFF was not provided a rest period.

81. As a legal result of the aforementioned violations, PLAINTIFF suffered harm and is entitled to recover one additional hour of pay at her regular rate of compensation for each work day that PLAINTIFF was not provided with a rest break, costs of suit, and reasonable attorneys' fees, all in an amount to be determined at trial.

*Zoumer v. WeWork, Inc.*, US District Court, CA Northern District, Case No. 4:16-cv-00340-JSW
COMPLAINT FOR DAMAGES

## TWELFTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA LABOR CODE 2802

82. PLAINTIFF re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

83. California Labor Code section 2802 provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

84. In the direct discharge of her duties as an employee of DEFENDANTS, PLAINTIFF performed tasks and took actions for which he expended her personal funds, including but not limited to use of her personal cell phone for business calls. Those steps and actions were performed in the course and scope of her employment with DEFENDANTS.

85. DEFENDANTS have to date not paid all of PLAINTIFF's expenditures in the course and scope of her employment with DEFENDANTS.

86. As a legal result of the aforementioned violations, PLAINTIFF suffered harm and is entitled to recover his necessary expenditures or losses, costs of suit, and reasonable attorneys' fees, all in an amount to be determined at trial.

## THIRTEENTH CAUSE OF ACTION
## LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004

87. PLAINTIFF re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

88. On December 23, 2015, PLAINTIFF sent a certified letter pursuant to Labor Code section 2699.3 to the California Labor and Workforce Development Agency and to the Defendants complaining about Defendant's violations of Labor Code Sections 201, 203, 204, 210, 226.7, 226(a), 226.3, 232, 510, 512, 558, 923, 1194, 1198, 1174(d), 1174.5, 1176, and 2802. The LWDA did not notify PLAINTIFF of its intent to investigate these claims within the requisite 33 days provided by 2699.3(a)(2).

89. Pursuant to Labor Code section 2699.3(a)(2), PLAINTIFF may seek to recover civil penalties through this action as a result of the California Labor and Workforce Development Agency's decision not to investigate these allegations.

*Zoumer v. WeWork, Inc.*, US District Court, CA Northern District, Case No. 4:16-cv-00340-JSW
COMPLAINT FOR DAMAGES

90. Pursuant to the PAGA, PLAINTIFF and others similarly situated are entitled to recover civil penalties for Defendant's violations of Labor Code sections 201, 203, 204, 210, 226.7, 226(a), 226.3, 232, 510, 512, 558, 923, 1194, 1198, 1174(d), 1174.5, 1176, and 2802.

91. Under Labor Code section 2699(g)(1), PLAINTIFF is also entitled to recover costs and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for the following judgment:

1. Judgment finding DEFENDANTS' conduct, as alleged herein, violated PLAINTIFF's rights pursuant to the Labor Code;
2. Award of disgorgement of all wages withheld;
3. Award of statutory and civil penalties;
4. Award of reasonable attorneys' fees and costs;
5. Award of Plaintiff's reasonable business expenses;
6. Award of prejudgment interest;
7. Award of general damages;
8. Award of special damages;
9. Award of punitive damages;
10. Civil penalties under Labor Code sections 201, 203, 204, 210, 226.7, 226(a), 226.3, 232, 510, 512, 558, 923, 1194, 1198, 1174(d), 1174.5, 1176, and 2802; and
11. For such other and further relief as the Court deems proper.

QHP, LLP

Date: January 28, 2016

   /s/Ramsey Hanafi/s/_____
Ramsey Hanafi
Attorneys for Plaintiff