UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA ZOUMER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WEWORK COMPANIES INC.,<br><br>　　　　　Defendant. | Case No. 16-cv-00340-JSW<br><br>**ORDER GRANTING MOTION TO STAY AND REQUIRING JOINT STATUS REPORTS**<br><br>Re: Docket No. 13 |

Now before the Court is the motion to stay filed by Defendant WeWork Companies Inc. ("WeWork"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for March 4, 2016, and it HEREBY GRANTS WeWork's motion.

**BACKGROUND**

On December 24, 2015, Plaintiff, Tara Zoumer ("Zoumer"), filed the complaint in this action in the Superior Court of California, County of San Francisco. (Docket No. 1, Notice of Removal, Ex. A.) Zoumer was hired by WeWork in March 2015 and was terminated in November 2015. (Compl. ¶ 3.) Zoumer alleges that WeWork terminated her after she began to speak to other employees about alleged violations of California's Labor Code and after she refused to sign an arbitration agreement. (*Id.* ¶¶ 7-11.)

Based on these, and other, allegations Zoumer asserted claims against WeWork for wrongful termination, retaliation, and various wage and hour claims. On January 28, 2016, Zoumer filed an amended complaint, in which she added a claim for civil penalties under California Labor Code's Private Attorney's General Act. (Docket No. 17.)

1    On January 21, 2016, WeWork filed a Petition to Compel Arbitration in the United States
2  District Court for the Southern District of New York (the "Petition"). (Declaration of Christopher
3  D. Belelieu ("Belelieu Decl."), ¶ 3, Ex. A.) WeWork asserts that Zoumer's offer letter contains an
4  arbitration agreement, which provides that "You and WeWork agree to submit to mandatory
5  binding arbitration any and all claims arising out of or related to your employment with WeWork
6  and the termination thereof …, which shall be conducted in New York County, New York."
7  (Belelieu Decl., ¶ 4, Ex. B.)

**ANALYSIS**

**A.    Applicable Legal Standards.**

WeWork moves to stay this action, pending a ruling on its Petition. "[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Zoumer argues that the Court should deny the motion, because she filed this action before WeWork filed the Petition. The first-to-file rule is "'a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.'" *Apple, Inc. v. Pystar Corp.*, 658 F.3d 1150, 1161 (9th Cir. 2011) (quoting *Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982)). The Court considers three factors to decide whether or not to apply the first-to-file rule: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *See, e.g., Ward. v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994). As the Ninth Circuit has explained, however, the first-to-file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95.

It is undisputed that Zoumer files this case first, and it involves the same parties. Although the issues are not identical, because the Petition seeks to resolve Zoumer's claims in this case by arbitration, Zoumer's employment claims are at stake. However, although this case was filed first,

1  the Court concludes that in light of the issues raised by the Petition, sound judicial administration
2  warrants a less rigid application of the rule.

3  Zoumer also opposes the motion to stay on the basis that the arbitration agreement should
4  not be enforced.  However, those issues are not before this Court.  Therefore, the Court turns to
5  whether it should exercise its inherent authority to stay this case.  The Court considers a number of
6  factors in deciding whether to grant a stay.  *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at
7  254-55).  First, the Court considers the "possible damage which may result from granting a stay."
8  *Id.*  The second factor the Court considers is the hardship or inequity which a party may suffer in
9  being required to go forward.  *Id.*  The third factor the Court considers is "the orderly course of
10 justice measured in terms of the simplifying or complicating of issues, proof, and questions of law
11 which could be expected to result from a stay."  *Id.*

12 This case is in its early stages.  Indeed, the parties have not yet appeared for the initial case
13 management conference, which is scheduled for April 22, 2016.  In addition, the Petition is fully
14 briefed and ripe for resolution.  Thus, there is no reason to believe a stay would be lengthy.  If,
15 however, circumstances change, Zoumer can move to lift the stay.

16 With respect to hardship or inequity, the fact that WeWork might be "required to defend a
17 suit, without more, does not constitute a clear case of hardship or iniquity within the meaning of
18 *Landis*."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (internal quotations and
19 citation omitted).  On balance, the Court finds that this factor is neutral.  To the extent both parties
20 could be harmed by continued litigation in this forum, that fact weighs in favor of a stay.  Finally,
21 if the Petition is granted, the issues raised by this suit will be subject to arbitrtation.  Therefore, the
22 Court concludes that third factor also weighs in favor of a stay.

23 Accordingly, the Court exercises its inherent authority to stay this litigation pending a
24 ruling on the Petition.

## CONCLUSION

26 For the foregoing reasons, the Court GRANTS WeWork's motion to stay.  The Court
27 VACATES the case management scheduled for April 22, 2016, and all related deadlines.  The
28 Court FURTHER ORDERS the parties to submit a joint status reports by no later than April 19,

3

1  2016, setting forth the status of the Petition, and every sixty (60) days thereafter, until the Petition
2  is resolved.  If the Petition is granted, and the matter is ordered to arbitration, the parties shall file
3  joint status reports every 120 days until the arbitration is complete.
4  **IT IS SO ORDERED.**
5  Dated: February 19, 2016

_____
JEFFREY S. WHITE
United States District Judge

4